is maintained by the widow, the administratrix, that the amendment of 1911 to section 1903 of the Code applies (Laws 1911, c. 122), and she takes all, to the exclusion of the next of kin.

Objections are made to that portion of the account only. The attorney for the accountant argues very forcefully that the words "and when they are collected," contained in said section, defer the determination of those sharing until the money is actually received. It would seem that such words are useless, and that the section would convey the meaning given it in Matter of Brennan, 160 App. Div. 401, 145 N. Y. Supp. 440, quite as well without them. However, this cause of action being property, and being such property as has been held to vest at the time of death, and which could be sold, and which would survive the death of the next of kin entitled to share, and pass to his estate, I incline to the opinion that the division should be made as of the date of death of the intestate. Thus, while not absolutely regarding Matter of Brennan, supra, as stare decisis, as it was decided in another department, but as such case was identical in all particulars with the case at bar, and for the reasons given above, I hold and decide that the $1,250 should be distributed as provided by section 1903 of the Code as it stood after the amendment of 1904 (Laws 1904, c. 515), and prior to the amendment of 1911.

Ordered accordingly.

---

(88 Misc. Rep. 341)

### In re BAKER.

(Surrogate's Court, Chenango County. December, 1914.)

1. WILLS (§ 733*)—CONSTRUCTION—BEQUESTS.
   One paragraph of a will made a bequest to testatrix's nephew, without specifying any time of payment, and another paragraph bequeathed a certain sum in trust for the nephew, without referring to the first paragraph. *Held* that, on judicial settlement of the account of the executrix, she should be required, pursuant to the intention disclosed by the entire will, to pay the nephew the legacy given by the first paragraph, and turn over to herself as trustee the bequest given under the other paragraph.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

2. WILLS (§ 612*)—CONSTRUCTION—BEQUEST.
   An absolute bequest cannot be cut down by a later provision of a will, unless such clearly appears to have been testator's intention.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1387–1392, 1608; Dec. Dig. § 612.*]

3. WILLS (§ 450*)—CONSTRUCTION.
   In construing a will, consideration must, if possible, be given to all the parts.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 966; Dec. Dig. § 450.*]

Proceedings on the final accounting of Elizabeth King Baker, executrix of the estate of Fannie M. Eldredge, deceased. Decreed according to opinion.

Eugene Clinton, of Norwich, for accountant.
David F. Lee, of Norwich, for objecting legatee.

HILL, S. The petitioner, the executrix named in the will of Fannie M. Eldredge, presents her final account and petition in this matter. Said executrix reports and accounts that she has turned over to herself, under and pursuant to the tenth paragraph of decedent's will, the sum of $1,000, which she holds in trust pursuant and in accordance with the provisions of said paragraph. Objection is made because payment has not been made, and does not appear by the account to have been made, to William Cole, a legatee named and mentioned in the ninth paragraph of said will. While the matter comes up as an objection to a final accounting, it is in fact an application to have a will construed.

Decedent died in or about the month of September, 1913, leaving a last will and testament made and executed on the 1st day of March, 1913, which provides in its first paragraph for the erection of a monument and payment of debts. In the second paragraph it directs that the arrangements for funeral, etc., be made and conducted by Elizabeth King Baker, and, in the event of her death, by her husband, Howard L. Baker. The third paragraph bequeaths a sum of money to the cemetery in trust. The fourth paragraph bequeaths the clothing and personal effects, including jewelry, to Elizabeth King Baker. The fifth paragraph bequeaths a house and lot to said Elizabeth King Baker for life, and upon her death the same to go to her issue. The sixth paragraph bequeaths all cooking utensils and furniture, with slight exceptions, to said Elizabeth King Baker. The seventh paragraph devises an undivided one-half of a house and lot to Elizabeth King Baker. The eleventh paragraph bequeaths property to a church. The twelfth paragraph contains no bequest. The thirteenth paragraph is a residuary paragraph, conveying the rest and residue to Elizabeth King Baker. The ninth paragraph of said will is as follows:

"Ninth. To each of the surviving sons of my brother Richard and his wife Mary Cunningham, that is Frank Cole and William Cole of Norwich, N. Y., if each of them survive me, I give and bequeath the sum of one thousand dollars, to be paid out of my personal estate, and if there be no personal estate sufficient for the payment thereof, then I charge such sum as may be sufficient upon the rentals of my store properties hereinafter devised. I direct such sums to be paid as follows: To Frank Cole one-half or five hundred dollars to be paid without interest five years from the date of my death, and the remaining one-half ($500) to be paid ten years from the date of my death without interest. In case, at the time of my death, the said Frank Cole shall have died leaving his daughter Mary Cole Curnalia surviving, then I will the said daughter to have her father's share under the same conditions and if neither be living, then such gift is to lapse and become a part of my residuary estate."

The tenth paragraph of said will is as follows:

"Tenth. I give and bequeath unto Elizabeth King Baker the sum of one thousand dollars, in trust, for the purposes hereinafter stated, viz.: To invest and re-invest and keep the same invested as she may deem best, and to pay and use such part and parts of the said net income and such part and parts of the principal, except as hereinafter stated, as she may deem best, not exceeding one hundred dollars in any one year, for the support and maintenance of William R. Cole of Norwich, N. Y., during his natural life. Providing however, that no part of the said income or principal shall be used for the payment of any debt or liability of the said William R. Cole. And no part of the said income or principal shall be subject to any legal process

for the collection of any debt or liability of the said William R. Cole. The said trustee may furnish and provide for the support, care and maintenance of the said William R. Cole in such manner and form as she may deem best, subject to the limitation hereinbefore mentioned. I hereby will and direct that said trustee retain two hundred dollars of the principal of said trust fund the same, or so much thereof as may be necessary, to be used by said trustee for the burial expenses of the said William R. Cole.

"I further will and direct that whatever remains of the said one thousand dollars, if any, at the termination of the said trust, be paid by said trustee to said Mary Cole Curnalia under the same conditions as that which is bequeathed to her father."

[1-3] I hold and decide that by the terms of the ninth paragraph of said will the sum of $1,000 is given and bequeathed to William Cole, of Norwich, N. Y., and, as no time is specified for the payment of such legacy, it was due and payable within one year from the date of the probate of the will of said decedent and that the further sum of $1,000 is given and bequeathed to Elizabeth King Baker, to be held in trust in accordance with the requirements and directions contained in the tenth paragraph of said will. I find nothing in the tenth paragraph which in any way refers to, limits, or qualifies the absolute bequest made in the ninth paragraph. The only suspicion of reference to the tenth paragraph contained in the ninth paragraph is the statement: "I direct such *sums* to be paid as follows." But, taking into consideration the fact that by absolute terms and by unequivocal language the ninth paragraph bequeaths $1,000 to William Cole, and the tenth paragraph by unmistakable and unequivocal language bequeaths $1,000 to Elizabeth King Baker as trustee, I cannot find that the tenth paragraph is a direction as to how the $1,000 bequeathed in the ninth paragraph is to be paid. If the testator desired only to give $1,000 to Elizabeth King Baker in trust for William Cole, as provided in the tenth paragraph, it was entirely unnecessary to include his name in any way in the ninth paragraph. The legacy in trust is full and complete, well and ably drawn, without any reference to the ninth paragraph. And in order to hold that the only legacy for the benefit of William Cole was the trust legacy contained in the tenth paragraph, I must necessarily hold that the name William Cole and the legacy contained in the ninth paragraph is surplusage, and gives to the bequest in the ninth paragraph no consideration or weight. The tenth paragraph is not a direction of how to pay the ninth paragraph, but rather it is a complete and perfect legacy, drawn in the usual formal words incident to the creation of a trust. And, holding in mind the above, it would seem that I would have to offend the rule of construction that an absolute gift in a will could not be cut down by later provision, unless such intention is expressed in plain and definite language. I would have further to offend against the rule of construction which requires that consideration be given to all parts of a will, if possible to do so.

Evidence has been given surrounding the circumstances connected with the testatrix and the legatee, William Cole, to explain away any ambiguity contained in the language, and to that end it has been shown and appears by the testimony taken that William Cole is or has been given to the use of intoxicants. Therefore the accountant argues that the testatrix, his aunt, would not have given him $1,000 outright, but

would have given him the benefit of the trust created. It seems to me quite as logical and quite as liable to have been the thought of the testator that she would give him $1,000 in a lump sum, hoping and trusting that he might use it wisely, but, in the event he did not, then that the trust estate would still exist to his benefit.

In reading the will as I have set it forth in the early part of this opinion, it appears that this testator was given to making legacies to the same legatee in several different paragraphs in the will. So that it is easy to suppose that, for the benefit of the legatee, William Cole, she made provision for him in two different paragraphs.

Having in mind, as stated above, the two rules of construction set forth above, namely, that all parts of the will should be considered, if possible, and that an absolute bequest cannot be cut down by a later portion of the will, unless it clearly appears to be the intention of the testator so to do, I hold and decide that the executrix herein should pay unto William Cole under the ninth paragraph of this will the sum of $1,000 and should present his receipt therefor; that she should, as she has, turn over to herself as trustee the further sum of $1,000, to be held in trust under the provisions of the tenth paragraph of said will. To that extent I hold that the account of said executrix should be amended, modified, and reformed.

The question of allowance may be brought up before me on notice or by consent at any time.

Decreed accordingly.